DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
AIU INSURANCE COMPANY,

          *Plaintiff,*

- against -

EASTWIND TRANSPORT LTD., *and*
EASTWIND INVESTMENT CO.,

          *Defendants.*
------------------------------------x

07 JUDGE PAULEY
07 CIV. 9304

**COMPLAINT**

      Plaintiff, AIU Insurance Company (hereinafter "AIU" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

      1.    All and singular the following premises are true and constitute claims arising under the admiralty and maritime jurisdiction of the Court pursuant to 28 U.S.C. § 1333, and arising under F.R.C.P. Rule 9(h) within the admiralty and maritime jurisdiction of this Court and/or under supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

      2.    Venue is proper here by contractual agreement, within the applicable maritime legal precedents and/or within the meaning of 28 U.S.C. § 1391. Defendants reside

within this District within the meaning of 28 U.S.C. § 1391(c).

3. At all material times, Plaintiff AIU was the insurer of cargoes carried onboard the vessel M/V Blue Ridge all as more fully set forth hereinafter.

4. At all material times, Defendants Eastwind Transport, Ltd., (hereinafter "Eastwind Transport") and Eastwind Investment Co. (hereinafter "Eastwind Investment") (collectively "Defendants") were, and now are, foreign corporations or other entities existing under and by virtue of the laws of a foreign state or country, and were at all material times, the owners, operators, charterers and/or managers of the M/V Blue Ridge, as a carrier of goods by water for hire, between or from the ports, among others, of Callao, Peru and Hachinohe, Japan.

5. At all material times, Defendants Eastwind Transport and Eastwind Investment conducted business in New York, utilized the Port of New York, solicited business and maintained staff in the State of New York, thereby subjecting them to the jurisdiction of this court.

6. On or about April 1, 2005, there was shipped and delivered to the Defendants at Callao, Peru, consignments consisting of frozen squid tentacles and wings all as more fully described in the bill of lading C/H-001 issued on August 8, 2005 (hereinafter the "Shipment").

7. The Defendants accepted the Shipment, which was delivered to Defendants in good order and condition for which clean onboard bills of lading described above were issued. Said cargo was to be carried by these Defendants to the Port of Hachinohe, Japan, and there to be delivered in like good order, condition, and quantity as when received, all in consideration of certain freight charges, thereupon paid or agreed to be paid.

8. The Shipment was discharged in Hachinohe, Japan, but not, however, in the same quantity, good order and condition as when shipped, but on the contrary, the shipment was damaged, all in violation of the obligations of the Defendants, including their obligations under the applicable contract of carriage, as bailees or carriers of merchandise by water for hire, and under applicable laws.

9. Plaintiff AIU insured the Shipment and has paid certain damages incurred by its assured, Toei Reefer Line, Ltd., due to the shipment having been damaged by Defendants. Plaintiff's assured has performed all duties required of them under the applicable contract of carriage.

10. Plaintiff brings this action on its own behalf and as agent, trustee, assignee and/or subrogee, on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the said Shipments, as their respective interests may ultimately appear.

11. By reason of the premises, Plaintiff sustained losses in the sum of $30,000.00 or more, plus fees and expenses.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER APPLICABLE LAWS AND/OR TREATIES

**(Against All Defendants)**

12. Plaintiff incorporates herein by reference the allegations of paragraphs 1-11 above.

13. By reason of the foregoing, Defendants were common carriers of merchandise by sea for hire within the meaning of the applicable laws and/or treaties for the Carriage of Goods by Sea and breached their duties as carriers under such laws and/or treaties and under the contract of carriage entered into by the Defendants.

14. By reason of the foregoing, each of the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $30,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

**(Against All Defendants)**

15. Plaintiff incorporates herein by reference the allegations of paragraphs 1-14 above.

16. The Defendants were acting as a bailee of the Shipment at the times it was damaged. The Defendants thereby were—or through their contractors, agents, servants or sub-bailees—bailees who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to them.

17. By reason of the foregoing, each of the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $30,000.00.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

**(Against all Defendants)**

18. Plaintiff incorporates herein by reference the allegations of paragraphs 1-17 above.

19. The Defendants, by their negligence, damaged the Shipment. They therefore negligently failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to them.

20. By reason of the foregoing, the Defendants have each caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $30,000.00.

## AS TO ALL CAUSES OF ACTION

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, Plaintiff prays that:

1. Process in due form of law issues against the Defendants, citing them to appear and answer this Complaint;

2. That if said Defendants cannot be found within this District, then all its property within this District be attached in a sum estimated to be or exceed U.S. $30,000.00 with interest thereon and costs, the sum sued for in this Complaint;

3. The Court Order, Adjudge and Decree that Defendants pay to Plaintiff the damage suffered, together with interest thereon, attorneys' fees and expenses and costs of these proceedings; and

4. Plaintiff be granted such other additional relief as equity, justice and the law allows or permits in the premises.

Respectfully Submitted,

Dated: Rye, New York
October 16, 2007

                                  MALOOF BROWNE & EAGAN LLC

                                  By: _____
                                      David T. Maloof (DM 3350)
                                      Thomas M. Eagan (TE 1713)
                              411 Theodore Fremd Ave., Suite 190
                              Rye, New York 10580
                              (914) 921-1200
                              *Attorneys for Plaintiff*