CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendants
Eastwind Transport, Ltd., and
Eastwind Investment Co.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AIU INSURANCE COMPANY,

       Plaintiff,

                07 CV. 9304 (WJP)

 v.

                **ANSWER**

EASTWIND TRANSPORT LTD., and
EASTWIND INVESTMENT CO.

       Defendants.
------------------------------------------------------------X

   Defendants EASTWIND TRANSPORT LTD. (hereinafter "EASTWIND") and EASTWIND INVESTMENT CO. (hereinafter "EIC"), by its attorneys, Chalos, O'Connor & Duffy, as and for its ANSWER to the Verified, alleges upon information and belief as follows:

   1.  The defendants admit that the plaintiff has alleged claims arising under the admiralty and maritime jurisdiction of the Court pursuant to 28 U.S.C. § 1333, and arising under F.R.C.P. Rule 9(h) within the admiralty and maritime jurisdiction of this Court and/or under supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Except as so

specifically admitted, the remaining allegations that are set forth in paragraph "1" of the Complaint are denied.

2. It is admitted that the defendant EIC resides within this District within the meaning of 28 U.S.C. § 1391 (c). Except as so specifically admitted, the remaining allegations that are set forth in paragraph "2" of the Complaint are denied.

3. The defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "3" of the Complaint.

4. The defendants admit that they are foreign corporations or other entities existing under and by virtue of the laws of a foreign state or country. It is further admitted that Eastwind Transport Ltd. was the time charterer and operator of the M/V BLUE RIDGE for the voyage in question. Except as so specifically admitted, the remaining allegations set forth in paragraph "4" of the complaint are denied.

5. It is admitted that EIC has conducted business in New York, solicited business in New York and maintained staff in New York. However, the defendant EASTWIND is headquartered in Shanghai, China and, therefore, except as so specifically admitted, the remaining allegations set forth in paragraph "5" of the complaint are denied.

6. It is admitted that, on or about April 1, 2005, a shipment consisting of frozen squid, including tentacles and wings, was shipped on board the M/V BLUE RIDGE pursuant to bill of lading C/H-001. Except as so specifically admitted, the remaining allegations set forth in paragraph "6" of the complaint are denied.

7. It is admitted that the shipment described in bill of lading C/H-001 was to be carried, and was carried, to the Port of Hachinoe, Japan in consideration of freight

charges. Except as so specifically admitted, the remaining allegations set forth in paragraph "7" of the complaint are denied.

8. It is admitted that the shipment of squid was discharged from the M/V BLUE RIDGE in Hachinoe, Japan. Except as so specifically admitted, the remaining allegations set forth in paragraph "8" of the complaint are denied.

9. The defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "9" of the Complaint.

10. The defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the Complaint.

11. The defendants deny the allegations set forth in paragraph "11" of the complaint.

12. In response to the allegation set forth in paragraph "12" of the complaint, the defendants incorporate by reference the allegations of paragraphs 1 through 11 herein.

13. The defendants deny the allegations set forth in paragraph "13" of the complaint.

14. The defendants deny the allegations set forth in paragraph "14" of the complaint.

15. In response to the allegation set forth in paragraph "15" of the complaint, the defendants incorporate by reference the allegations of paragraphs 1 through 14 herein.

16. The defendants deny the allegations set forth in paragraph "16" of the complaint.

17. The defendants deny the allegations set forth in paragraph "17" of the complaint.

18. In response to the allegation set forth in paragraph "18" of the complaint, the defendants incorporate by reference the allegations of paragraphs 1 through 17 herein.

19. The defendants deny the allegations set forth in paragraph "19" of the complaint.

20. The defendants deny the allegations set forth in paragraph "20" of the complaint.

## AS AND FOR AFFIRMATIVE DEFENSES TO THE COMPLAINT

21. The Complaint fails to state a cause of action against either of the Defendants

22. The Court lacks *in personam* jurisdiction over the Defendant EASTWIND.

23. The shipment referred to in the Complaint was carried from Callao, Peru to Hachinoe, Japan and the plaintiff's claim for loss of, or damage to, cargo has no connection with the City of New York., the State of New York or even the United States as a whole. Accordingly, the Complaint should be dismissed pursuant to the doctrine of *forum non conveniens.*

24. The shipment of squid, as described in the complaint, was received, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of dock receipts, mate's receipts, bill of ladings, applicable tariffs, charter parties and other contracts of affreightment by which the shippers, owners, consignees and holders of said bills of lading agreed to be bound. Any loss or damage alleged to have been suffered by such shipment or to the shipper or consignee, which loss is specifically denied, was due to a cause or causes for which the defendants are not liable,

or otherwise have limited liability, by virtue of the provisions of said dock receipts, mate's receipts, bills of lading, tariffs, charter parties and/or contracts of affreightment. Furthermore, defendants reserve the right to invoke any provisions of said bills of lading, tariffs, charter parties and/or contracts of affreightment with respect to forum selection agreements, choice of law and/or agreements to arbitrate.

26. The shipment of squid, as described in the Complaint, was received, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of the Hague Rules, the Hague-Visby Rules the United States Carriage of Goods by Sea Act, or other legislation governing the carriage of goods by sea. Any loss or damage alleged to have been suffered by such shipment or to the shipper or consignee, which loss is specifically denied, was due to a cause or causes for which the defendants are not liable, or otherwise have limited liability, by virtue of the provisions of said legislation.

27. The shipment of squid, as described in the Complaint, was received, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of the General Maritime Law and/or law of the ports of shipment and/or discharge. Any loss or damage alleged to have been suffered by such shipment or to the shipper or consignee, which loss is specifically denied, was due to a cause or causes for which the defendants are not liable, or otherwise have limited liability, by virtue of the General Maritime Law and/or law of the ports of shipment and/or discharge.

28. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or

contributed to by the defendants and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of the defendants.

29. Any loss or damage to the shipment referred to in the Complaint, which loss or damage is specifically denied, was caused by or contributed to by an act or omission of the Plaintiff, the shipper or owner of the goods, his agent, or representative and/or other third parties for which the defendants are not liable.

30. Any claim for loss or damage to the shipment referred to in the Complaint, which loss or damage is specifically denied, is barred by accord and satisfaction whereby EASTWIND's agents in Japan settled any such claims with the consignees or ultimate consignees in Japan.

WHEREFORE, Defendants, EASTWIND and EIC, respectfully pray that Plaintiffs' Complaint be dismissed with prejudice, the Defendants be awarded costs and the Defendants, EASTWIND and EIC, otherwise pray for such other further relief that this Court deems just and proper in the circumstances.

Dated: Port Washington, New York
       December 7, 2007

                                CHALOS, O'CONNOR & DUFFY, LLP
                                Attorneys for Defendants,
                                EASTWIND TRANSPORT, LTD., and
                                EASTWIND INVESTMENT CO.

                         By:    _____
                                Owen F. Duffy (OD-3144)
                                George E. Murray (GM-4172)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel: (516) 767-3600
                                Fax: (516) 767-3605